J-A16013-24

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT O.P. 65.37**

COMMONWEALTH OF PENNSYLVANIA  :  IN THE SUPERIOR COURT OF
                                                :            PENNSYLVANIA
                                                  :
          v.                                  :
                                                :
JODI SHANE HOWELL               :
                                                :
          Appellant              :    No. 959 WDA 2023

Appeal from the Judgment of Sentence Entered April 4, 2023
In the Court of Common Pleas of Fayette County Criminal Division at
No(s):  CP-26-CR-0001407-2022

BEFORE:  KUNSELMAN, J., MURRAY, J., and McLAUGHLIN, J.

MEMORANDUM BY KUNSELMAN, J.:        **FILED: AUGUST 5, 2024**

Jodi Shane Howell appeals from the judgment of sentence entered following his conviction of two counts of possession, two counts of possession with intent to deliver,[1] and other offenses which arose after a police chase. We affirm.

The trial court detailed the pertinent facts and evidence presented at trial as follows:

> Thomas Patton, a Connellsville Police Officer and a member of the Fayette County Bureau of Investigations, testified that on July 13, 2022, he received information that [Howell] was operating a silver Nissan with dealer plates and that he possessed heroin and cocaine on his person. At approximately eight o'clock in the evening, while operating an unmarked vehicle, Officer Patton located the vehicle. He followed the vehicle until he was

---

[1] 35 P.S. §§ 780-113(a)(16) and (a)(30).

able to identify [Howell] as the operator[.] Other officers in marked vehicles joined [Officer] Patton as he followed [Howell]. One of the marked vehicles moved behind [Howell's] vehicle. [Howell's] vehicle then proceeded to travel over a grassy strip in the middle of the road and move away at over eight (80) miles per hour. [Howell] drove into a residential area on Claire Street and stopped on Kerr Street. [Howell] stopped the vehicle and ran behind the residences on Claire Street leaving the passenger, Laura Scott, still in the vehicle. When [an officer] approached the vehicle, the driver's door was open, the vehicle was running, and he told the passenger to remain in the vehicle, When [Officer] Patton arrived at the location, the officers were not at the vehicle but were in pursuit of [Howell]. [Officer] Patton spoke to a resident who had surveillance cameras and obtained video surveillance from the owner of the residence. At the trial, the video from the police vehicle was played as well as the video from the ring camera on the house.

In the video, [Howell] left the vehicle with nothing in his hands but then as he runs, his left hand goes into his left pocket of his pants. The Nissan was towed from the scene and the passenger, Laura Scott, was taken to the Connellsville Police Department. [Howell] was not immediately located but was eventually found in a drain pipe approximately two hours after exiting the vehicle. When he was ultimately apprehended, [Howell] had nothing in his left pants pocket but had [$515.00] in his other pants pocket. No drugs were located in the vehicle. A canine search was conducted more than two hours after the stop in an attempt to locate [] discarded items[;] the canine did a cursory search on the path and by the garage but focused primarily on an open area but nothing was located.

Early the next morning, a resident of Claire Street located a baggie in the strawberry plants in her garden. The owner of the garden was in her garden daily and paid particular attention to the strawberry plants. The baggie was located along the route that [Howell] was observed to run as he attempted to elude the officer. [Howell] was observed putting his hand in his left pants pocket and possessing an item in his hand. An officer collected the bag which was laying on a strawberry plant and not visible due to the leaves of the plant. The baggie was damp with dew but clean. The baggie was found to contain [391] smaller baggies. The forensic scientist testified that six baggies contained crack cocaine[;] the majority of the other bags contained a mixture of [heroin] and fentanyl.

- 2 -

The canine search was an article search which [was] based on the human odor on a discarded item. The search area did not include the strawberry plant area of the garden and did not include the adjacent pathway but focused on the rear of the garden by the garage.

Trial Court Opinion, 11/6/23, at 2-4 (unnumbered; citations to record omitted).

The jury found Howell guilty of the drug and related charges. Thereafter, the trial court imposed an aggregate sentence of six to twelve years of imprisonment. Howell filed a timely post-sentence motion challenging the weight and sufficiency of the evidence. This motion was denied by operation of law. Howell timely appealed. Both Howell and the trial court have complied with Pa.R.A.P. 1925.

Howell raises the following four issues on appeal:

1. Whether the evidence was legally and factually sufficient to prove that [Howell] possessed with the intent to deliver heroin/fentanyl.

2. Whether the evidence was legally and factually sufficient to prove [Howell] possessed with the intent to deliver crack cocaine.

3. Whether the evidence was legally and factually sufficient to prove that [Howell] possessed heroin/fentanyl.

4. Whether the evidence was legally and factually sufficient to prove that [Howell] possessed crack cocaine.

Howell's Brief at 4 (formatting altered).

Before addressing these issues, we must first determine whether they are properly before us. "Issues not included in the [Rule 1925(b)] Statement . . . are waived." Pa.R.A.P. 1925(b)(4)(vii); ***Commonwealth v. Sinkiewicz***,

293 A.3d 681, 691 (Pa. Super. 2023). In his Rule 1925(b) Statement Howell raised similar issues, but only challenged the weight of the evidence presented by the Commonwealth.

On appeal, however, Howell has changed the nature of his challenge to the sufficiency of the evidence supporting his convictions. As our Supreme Court has summarized:

> [I]t is necessary to delineate the distinctions between a claim challenging the sufficiency of the evidence and a claim that challenges the weight of the evidence. The distinction between these two challenges is critical. A claim challenging the sufficiency of the evidence, if granted, would preclude retrial under the double jeopardy provisions of the Fifth Amendment to the United States Constitution, and Article I, Section 10 of the Pennsylvania Constitution, whereas a claim challenging the weight of the evidence if granted would permit a second trial.
>
> A claim challenging the sufficiency of the evidence is a question of law. Evidence will be deemed sufficient to support the verdict when it establishes each material element of the crime charged and the commission thereof by the accused, beyond a reasonable doubt. Where the evidence offered to support the verdict is in contradiction to the physical facts, in contravention to human experience and the laws of nature, then the evidence is insufficient as a matter of law. When reviewing a sufficiency claim the court is required to view the evidence in the light most favorable to the verdict winner giving the prosecution the benefit of all reasonable inferences to be drawn from the evidence.
>
> A motion for new trial on the grounds that the verdict is contrary to the weight of the evidence, concedes that there is sufficient evidence to sustain the verdict. Thus, the trial court is under no obligation to view the evidence in the light most favorable to the verdict winner. An allegation that the verdict is against the weight of the evidence is addressed to the discretion of the trial court. A new trial should not be granted because of a mere conflict in the testimony or

> because the judge on the same facts would have arrived at a different conclusion. A trial judge must do more than reassess the credibility of the witnesses and allege that he would not have assented to the verdict if he were a juror. Trial judges, in reviewing a claim that the verdict is against the weight of the evidence do not sit as the thirteenth juror. Rather, the role of the trial judge is to determine that notwithstanding all the facts, certain facts are so clearly of greater weight that to ignore them or to give them equal weight with all the facts is to deny justice.

*Commonwealth v. Widmer*, 744 A.2d 745, 751-52 (2000) (quotations, citations and footnote omitted).

Because Howell did not challenge the sufficiency of the evidence supporting his drug convictions in his Rule 1925(b) statement, his issues are waived. *Sinkiewicz*, *supra*. Nonetheless, the trial court, while rejecting Howell's weight challenges, also addressed the sufficiency of the evidence supporting the convictions. Thus, despite finding waiver, we will briefly address Howell's sufficiency challenges.

We follow a well-settled standard in reviewing a claim that the evidence was not sufficient to sustain a conviction. *See Widmer*, *supra*. Significant to this case, the Commonwealth may sustain its burden of proving every element of the crime beyond a reasonable doubt by means of wholly circumstantial evidence. *Commonwealth v. Jones*, 886 A.2d 689, 704 (Pa. Super. 2005).

In support of his issues on appeal, Howell contends that the Commonwealth did not prove beyond a reasonable doubt that he possessed any controlled substance. Although Howell also states that he is challenging

the sufficiency of the evidence supporting the jury's finding that he possessed the drugs with intent to deliver them, this claim is based solely on his assertion that he did not possess the drugs. Howell does not challenge Officer Patton's expert opinion that the drugs were possessed with an intent to deliver them. *See* N.T., 4/3 /24, at 39-54. Howell contends:

> Officers searched the area in which [he] ran for two and half hours with a canine unit, and found no narcotics. The Commonwealth [presented] only that the drugs were found by a civilian roughly ten hours after [he] was apprehended. There could be no reasonable inferences drawn thereon nor could that evidence prove that the alleged acts occurred with proof beyond a reasonable doubt.

Howell's Brief at 7.

After summarizing the facts detailed above, the trial court found that the Commonwealth presented sufficient evidence to support Howell's drug convictions. The court explained:

> While the evidence is circumstantial, a jury may base its determination of guilt using this type of evidence. It is for the jury to determine the evidence and the evidence presented was sufficient for a jury to base its determination on the evidence presented. The circumstantial evidence goes well past [a] common sense inference that [Howell] discarded these drugs during his flight from the police and is sufficient evidence to allow a jury to find his guilt beyond a reasonable doubt. The jury was free to accept this inference that the drugs were dropped by [Howell] during the pursuit.

Trial Court Opinion, 11/6/23, at 4 (unnumbered).

Our review of the record supports the trial court's conclusion that, while wholly circumstantial, the evidence was sufficient to support the guilty

verdicts. ***Sinkiewicz***, *supra*. At trial, Anthony Reed, the neighbor whose ring camera's video was played at trial, testified that the area where Howell exited his car and ran is a very quiet neighborhood, "with only one way in and one way out." N.T., 4/3/23, at 99. Additionally, when asked, Mr. Reed testified that he never had a problem with people trespassing or witnessing drug transactions. ***Id.*** In fact, he testified that after the police left in the early morning hours, his camera did not pick up anyone else in the area. According to Mr. Reed, he "watched his cameras a good bit. Just to make sure that there was nothing else going on." ***Id.*** at 99-100. Another neighbor found the drugs when she went to water her garden at 7:00 a.m. ***Id.*** at 109. This additional evidence only further strengthens the circumstantial evidence presented by the Commonwealth.

In sum, the evidence was sufficient to show that Howell was the person who possessed the drugs found in the strawberry patch.

Judgment of sentence affirmed.

Judgment Entered.

Benjamin D. Kohler, Esq.
Prothonotary

DATE: 8/5/2024